UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRENDA D. HAYES,

    Plaintiff,

v.                                               Case No: 6:11-cv-1009-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Petitioner's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 33). The Commissioner has filed a response in opposition. (Doc. 34). On December 21, 2012, the Court issued an Order granting leave for Plaintiff to file a reply to the Government's response within 14 days of the rendition of that Order. Plaintiff did not file a reply, and the time to do so has expired.

Plaintiff filed an application for Title II Disability Insurance Benefits and Title XVI Social Security Income on January 17, 2007. (Doc. 14-2 at 13). He alleged an onset of disability beginning on November 2, 2006. (Id.) His application was denied initially and upon reconsideration. (Id.). Plaintiff requested and received a hearing, which was held on November 18, 2009 in Orlando, Florida in front of an Administrative Law Judge ("ALJ"). (Id.). The ALJ determined that Plaintiff suffered from the following severe impairments: human immunodeficiency virus, history of polysubstance abuse, cognitive disorder, and a depressive disorder. (Doc. 14-2 at 16). Despite these impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light

work, except Plaintiff should avoid climbing ladders, ropes and scaffolds, and avoid concentrated exposure to respiratory irritants and temperature extremes.  (Id. at 17).  The ALJ also found that Plaintiff was limited to performing "one to two step simple tasks with only occasional change in the work setting and periods of concentration limited to 2 hours at a time."  (Id.).  Based upon these findings, the ALJ concluded that Plaintiff was not disabled.  (Id. at 22).

Plaintiff filed a Request for Review of the ALJ's decision and on April 13, 2011, the Appeals Council ruled against Plaintiff.  (Id. at  8).  Accordingly, the ALJ's November 18, 2009 decision was the final decision of the Commissioner.  Plaintiff timely filed this action for judicial review on June 17, 2011.  (Doc. 1). The parties consented to the exercise of jurisdiction by a magistrate judge and the district judge entered an Order of Reference referring the case to the undersigned on October 3, 2011.  (Docs. 13, 15).

The parties briefed the issues and on August 22, 2012 the Court heard oral argument.  After considering the merits of the parties' positions, the Court ruled for Plaintiff.  (Doc. 31).  In reaching its decision, the Court found that the ALJ did not adequately explain her finding that Plaintiff's limitations prevented Plaintiff from concentrating for longer than two-hour periods.  The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case to the Commissioner for additional proceedings consistent with the Court's decision.

The Court's Order reversing the ALJ's decision constituted a final order for purposes of the Equal Access to Justice Act ("EAJA").  Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).  The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . brought by or against the United States

in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  To obtain an award under the EAJA a plaintiff must prove that (1) claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) claimant filed a timely application for attorney's fees; (4) claimant had a net worth of less than $2 million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

Plaintiff timely filed this motion under the EAJA, 28 U.S.C. § 2112(d), seeking an award of $6,349.63 in attorney's fees.  (Doc. 33).  The motion is supported by counsel's affidavit, schedule of hours, and a printout of a consumer price index table for the past ten years.  (Doc. 33-2,3,4).  Plaintiff avers that her net worth is less than two million dollars.  (Doc. 33 at 2).  The Commissioner does not dispute that Plaintiff is the prevailing party, that Plaintiff's motion is timely, or the reasonableness of the requested fees.  (Id. at 2).  Other than the Commissioner's objection, there are no special circumstances which would make an award of fees unjust.  The only issue before the Court is the second factor, i.e., whether the Commissioner's position was substantially justified.

The word "substantially" as used in the EAJA means: "'justified in substance or in the main' --- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  In Pierce, the Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 565 n.2.

The phrase "position of the United States" includes the Commissioner's position in the underlying administrative proceedings as well as his position in this litigation. Stratton v. Bowen, 827 F.2d 1447, 1449 n.2 (11th Cir. 1987). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). If the Court finds that some, but not all of the Commissioner's positions were substantially justified then the Court will require the Commissioner to pay EAJA fees for the portions of its position that were not substantially justified. United States v. Jones, 125 F.3d 1418, 1427 (11th Cir. 1997). But, when the plaintiff's claims are based upon a single set of facts and the issues are intertwined, plaintiff may recover fees for counsel's work on the entire case. Id.

The burden is on the Commissioner to show by a preponderance of the evidence that his position was substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984). To carry his burden, the Commissioner must establish that his position had "a reasonable basis both in law and fact." Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). The Commissioner must also show that his position was substantially justified throughout both his pre-litigation and post-litigation positions. Id. at 666 n.5.

At oral argument on August 22, 2012, the Court stated:

> What concerns me is that in this case the administrative law judge limited Miss Hayes to jobs in which her periods of concentration were limited to two hours. I looked and couldn't find where any medical service provider opined that two hours was the appropriate period of time.
>
> I don't interpret this as any sort of so-called sit-or-squirm justice on the part of the ALJ. I view it as a good faith attempt by the ALJ to fill a gap in the evidence. What I don't know is where the ALJ gets the legal authority to make what in my view is a medical determination, and a significant one,

> because that two hours is included in the hypothetical
> question to the vocational expert.  That I think is the reversible
> error in this case is the use of the two hours.

(Doc. 29 at 4 ln.10-23).  The result was a finding by the Court that the ALJ's limitation of Plaintiff to two hour periods of concentration was not supported by substantial evidence.

The Commissioner argues that his position was substantially justified because Plaintiff's RFC was based on all the relevant evidence in the case record, and not only on the evidence made available by medical sources.  The Commissioner maintains that the ALJ properly accounted for Plaintiff's limitations in concentration, persistence, and pace by limiting Plaintiff to "one to two step simple tasks with only occasional change in the work setting and periods of concentration limited to two hours at a time."  (Tr. 17).  While the Commissioner acknowledges that no medical record explicitly limits Plaintiff to periods of concentration of up to two hours, the Commissioner contends that the medical records are consistent with the ALJ's determination of Plaintiff's RFC.  As proof, the Commissioner cites the state agency psychologists to whom the ALJ afforded the greatest weight.  They opined that Plaintiff would "be able to make work decisions but would have difficulties maintaining attention and concentration for extended periods . . . ." (Tr. 442).  And, the Commissioner argues that the ALJ's RFC does not have to be identical to or a verbatim recital of the medical opinions by citing to 20 C.F.R. §§ 404.1520(e), 404.1545(a)(3), 416.920(e), and 416.945(a)(3).

Here, the Court was unwilling to assume that the ALJ relied on the state psychologists' opinion by interpreting "extended periods" to mean "two hours" because there is no indication in the ALJ's opinion as to how the ALJ reached her "two hour" finding.  While interpreting "extended periods" to mean "two hours" may be a logical conclusion, it requires a leap that is unjustified because the ALJ did not support this

specific conclusion with evidence. <u>Owens v. Heckler</u>, 748 F.2d 1511, 1516 (11th Cir. 1984) ("We decline, however, to affirm simply because some rationale might have supported the ALJ's conclusion."). The Court concluded that the ALJ erred by formulating a medical opinion to fill a gap in the evidence. As a result, the ALJ was unable to state the grounds for her decision and the Court was precluded from conducting a meaningful review. See <u>Winschel v. Comm'r of Soc. Sec.</u>, 631 F.3d 1176, 1179 (11th Cir. 2011). Accordingly, the Court cannot find that the Commissioner's position was substantially justified and Plaintiff's motion is due to be granted.

Plaintiff has attached a copy of her assignment of EAJA fees to counsel. (Doc. 33-3). In light of the assignment, Plaintiff requests that the payment be made payable to Plaintiff and delivered to her counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's petition for attorney's fees (Doc. 33) is hereby **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$6,349.63** to be paid out of the judgment fund**.** Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record